UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAMIEN KILGORE, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 16-135S |
| : | |
| PROVIDENCE PLACE MALL, : | |
|     Defendant.[1] : | |

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

On March 18, 2016, Plaintiff Damien Kilgore filed *pro se* a complaint, along with a motion for leave to proceed *in forma pauperis* ("IFP") challenging the behavior of a security guard at the Providence Place Mall, who asked him to move and harassed him as he was waiting for a ride. ECF Nos. 1, 2. The IFP motion, which has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A), renders this case subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I find both that the IFP motion is deficient and that the complaint fails to state a claim.[2] Nevertheless, because the information provided in the IFP application suggests that Plaintiff is likely eligible and because the facts alleged conceivably might state a claim over which this Court might have jurisdiction, I recommend that Plaintiff be afforded an opportunity to file a new IFP application and an amended complaint. If

---

[1] This heading reflects the way that the case has been labeled by the Clerk's Office in the Court's ECF system. In fact, the complaint caption actually names as plaintiff, "I Damien Kilgore been get harrased by the Providence Place Mall to many times." As defendant, the complaint names, "Providence Place Mall for harrasing me on a daily basics." By contrast with the complaint, the IFP application and the civil cover sheet list "Providence Place Mall Security" as the named defendant. And the body of the complaint identifies the actual defendant as "Security guard # 376, Security of the Mall." ECF No. 1 at 2. As noted *infra*, if this report and recommendation is adopted, and Plaintiff amends his complaint, he must name a set of ascertainable individuals and entities susceptible of service with a summons and the complaint against whom he asserts the claims that are set out in the body of his pleading. See Fed. R. Civ. P. 4(e), (h).

[2] Because Plaintiff is *pro se*, I have employed a liberal construction of both of his filings. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

the identified deficiencies are not cured within thirty days of this Court's adoption of this report and recommendation, I recommend that the IFP motion be denied and the complaint be summarily dismissed without prejudice.

**I.      IFP Application**

Plaintiff's IFP application evinces a profound misunderstanding of the purpose of the IFP form, which requires an applicant to answer under pains and penalties of perjury a series of questions regarding income, assets and debts, as well as to identify others who contribute to the applicant's support, so that the court can "hold the balance steady and true as between fairness to the putatively indigent suitor and fairness to the society which ultimately foots the bill." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (Selya, J.); see 28 U.S.C. § 1915(a) (persons otherwise unable to access courts may proceed without paying such costs as $400 filing fee, which are then defrayed at public expense). While Plaintiff's application states that his last employer is "by SSI and that is about it," ECF No. 2 at 1, and that he has no cash, assets, or monthly expenses, ECF No. 2 at 2, it also states that he has recently or will soon receive money from self-employment, rent, pensions, disability payments, gifts and other sources, which he describes illogically as, "Yes because what been happening to me with the State of Rhode Island biracial citizenship on half of the me as a citizen State of Rhode Island." ECF No. 2 at 2. He responded to the question about dependents: "my friends that care which are also like a family to me." ECF No. 2 at 3.

As an SSI recipient with no assets or cash, Plaintiff is probably eligible for IFP status. However, the rest of his answers are so illogical and inconsistent that it is impossible to make the determination that he cannot afford the $400 filing fee. Accordingly, should Plaintiff opt to amend his complaint, I recommend that this Court also order him to file an amended IFP

application that contains a complete and truthful exposition of his financial circumstances, including whether any other person (such as a parent, spouse or significant other) is a member of his household and is responsible for the expenses since Plaintiff claims he pays none. If Plaintiff does not file an amended IFP application, I recommend that his motion for IFP status be denied.

II.     **Screening the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must dismiss this case if it determines that the action fails to state a claim. The legal standard for dismissing a complaint under § 1915(e)(2) is the same as that used when ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive, the complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As part of this initial screening, the court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

    a.  Facts

The operative facts appear not only in Plaintiff's form complaint, but also in the IFP application and the civil cover sheet. Plaintiff appears to claim that a Providence Place Mall security guard, apparently "Security guard #376, Security of the Mall," asked him to move and harassed him while he was standing and waiting for a ride. The caption of the complaint adds the claim that the harassing is "on a daily basics [sic]," while the IFP motion and civil cover sheet both allege that Plaintiff's "biracial citizenship" is somehow related to "what been happening to me." Plaintiff mentions that "this is my freedom of speech," although the speech in

question appears to refer to his freedom to access the court and not to any curtailment of his First Amendment speech rights by the Mall security guard. Plaintiff's IFP application adds the somewhat implausible fact that he is currently incarcerated at the Providence Place Mall. In listing his claims on the civil cover sheet, Plaintiff states that his "cause of action" is "harrasment on me biracial citizenship recizm because I was staying waiting for my ride," but he also checked the box for "assault, libel and slander." The complaint recites that the jurisdictional basis for the suit is diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1 at 3.

    b. Law and Analysis

A well-pled complaint must affirmatively state whether federal jurisdiction is based on a federal question or on complete diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Because Plaintiff's complaint states that the basis for jurisdiction is diversity of citizenship, ECF No. 1 at 3, and because he checked "assault, libel and slander" (all state law claims) for "nature of suit" on the civil cover sheet, I begin a review of whether the statutory requirements for diversity jurisdiction are met in this case.

There are two problems with Plaintiff's state law claims based on diversity of citizenship, each of which is fatal. First, the sole named defendant appears to be an unknown "Security guard #376, Security of the Mall," who may well be a citizen of Rhode Island; if he or she is, the requirement of total diversity of citizenship is not met.[3] See 28 U.S.C. § 1332(a)(1). While the First Circuit has not yet ruled on whether an unknown party defeats diversity jurisdiction in a case originally filed in federal court, in McMann v. Doe, 460 F. Supp. 2d 259 (D. Mass. 2006), the district court dismissed a case like this one, where the only defendant was unknown. Id. at

---

[3] Conceivably this problem could be cured by naming the owner of the Providence Place Mall. If the Mall's owner is not a citizen of Rhode Island, and the unknown security officer is left out, there might be full diversity. It seems unlikely that "Providence Place Mall Security," as the defendant is described in the IFP application and the civil cover sheet, is an entity capable of being sued. If it is susceptible of being joined as a defendant, but is a citizen of Rhode Island, it also would defeat diversity jurisdiction.

4

264, 265; see Universal Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 426 n.10 (1st Cir. 2007) (mentioning McMann with approval but not adopting as decision based on other grounds). I find that the reasoning of McMann is persuasive; for this reason alone, I find that Plaintiff's complaint cannot be based on diversity jurisdiction.

Plaintiff's second problem with diversity jurisdiction is the amount-in-controversy requirement; for diversity jurisdiction to be available, the claim must either seek a monetary judgment or an injunction with a pecuniary consequence of more than $75,000. Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). Plaintiff's complaint is muddy with respect to the relief he seeks; a generous interpretation is that he wishes an injunction to bar the Mall security guard from harassing him while he is waiting for a ride. Such a claim does not come close to satisfying the jurisdictional minimum of $75,000. See Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); Grotzke v. Kurz, 887 F. Supp. 53, 57 (D.R.I. 1995) (First Circuit has opined in favor of the "defendants' viewpoint" approach when a plaintiff seeks primarily equitable relief as opposed to money damages) (citing Ferris v. Gen. Dynamics Corp., 645 F. Supp. 1354, 1361 (D.R.I. 1986)); see also In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 610 (7th Cir. 1997) ("another way in which the requirement of the statutory minimum amount in controversy can be satisfied in an injunctive case is by showing that the injunction would force the defendant to forgo a benefit to him that is worth more than the threshold amount specified in the diversity statute") (citing Grotzke, 887 F. Supp. at 55-56). Regardless of whether the Court uses Plaintiff's or Defendant's perspective to calculate the value of remaining free from harassment while waiting for a ride, neither comes close to satisfying the $75,000 minimum.

This deficit is also fatal to the survival of this complaint on the foundation of diversity jurisdiction.

The final issue with consideration of Plaintiff's complaint as a state law claim based on diversity jurisdiction is that Plaintiff's state law causes of action (assault, libel and slander) bear no relationship to anything alleged in the body of the complaint or in any of Plaintiff's other filings. Harassing speech uttered to Plaintiff himself does not amount to assault, libel or slander. Kirshenbaum v. GE Money Bank, C.A. No. 14-294, 2014 WL 4402092, at *3 (D.R.I. Sept. 5, 2014) ("To prevail on a claim for libel [or slander] under Rhode Island law, Plaintiff must prove (1) a false and defamatory statement concerning another; (2) an unprivileged communication to a third party; (3) fault amounting at least to negligence; and (4) damages.") (citing Mills v. C.H.I.L.D., Inc., 837 A.2d 714, 720 (R.I. 2003) (per curiam)); Chrabaszcz v. Johnston Sch. Comm., 474 F. Supp. 2d 298, 309 (D.R.I. 2007) (same) (citing Healey v. New England Newspapers, Inc., 555 A.2d 321, 324 (R.I. 1989)).

Next I turn to whether Plaintiff has stated a claim arising under federal law so that he may invoke this Court's federal question subject matter jurisdiction. While Plaintiff does not name any federal statute, I have examined what appears to be the essence of his claim – harassment by a security guard of a Mall loiterer based on race – and considered several possible federal claims.

The most obvious are Title II of the 1964 Civil Rights Act, 42 U.S.C. § 2000a(a), which prohibits race discrimination in places of public accommodation, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, which ensures that "all persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." Plaintiff's complaint, as crafted, fails to state a claim under either standard.

Section 2000a's prohibition on race discrimination applies to the places of public accommodation itemized in § 2000a(b), including hotels, restaurants, theaters, sports arenas and other places of eating, entertainment or exhibition. 42 U.S.C. § 2000a(b). For purposes of screening, I assume (but do not decide) that the spot where Plaintiff was standing when the alleged harassment occurred amounts to a "place of public accommodation." United States v. Three Juveniles, 886 F. Supp. 934, 946 (D. Mass. 1995) (holding that shopping mall is a covered facility); but see Halton v. Great Clips, Inc., 94 F. Supp. 2d 856, 863 (N.D. Ohio 2000) (not all shopping centers are covered establishments). For a *prima facie* case under § 2000a, Plaintiff must plausibly plead that he: (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodations; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class. Brown v. Luxor Hotel & Casino, No. 2:14-CV-00991-MMD, 2014 WL 2858488, at *2 (D. Nev. June 23, 2014).

Similarly, 42 U.S.C. § 1981 prohibits discrimination on the basis of race in the making and enforcement of private contracts; it focuses on the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. 42 U.S.C. § 1981(b). For a *prima facie* case under § 1981, Plaintiff must plausibly plead that he: (1) is a member of a protected class; (2) that the allegedly discriminatory conduct concerned one or more of the activities enumerated in the statute; *i.e.,* the making, performance, modification, or termination of contracts, or the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship; and (3) was treated less favorably with regard to his enjoyment of the benefits of the contractual relationship than the

similarly situated persons who are not members of the protected class. Slocumb v. Waffle House, Inc., 365 F. Supp. 2d 1332, 1338 (N.D. Ga. 2005).

The discrimination inquiries for a § 2000a claim and a § 1981 claim are substantially similar, Slocumb, 365 F. Supp. 2d at 1342, and Plaintiff's claim, which recites only that he is biracial and that he was harassed while waiting for a ride, is legally insufficient under both. As the court held in Brown, a plaintiff has failed to allege sufficient facts to state a claim for public accommodation discrimination if the pleading alleges merely that the claimant is multi-racial and was wrongfully denied entry to a show – such a complaint fails to plead facts plausibly alleging that the claimant was treated less favorably than similarly situated persons who are not members of a protected class. 2014 WL 2858488, at *2-3 (at screening, complaint dismissed with leave to amend). To illustrate what would satisfy the standard, Brown pointed to Slocumb, 365 F. Supp. 2d 1332; Slocumb considered the claim of an African-American family, which was found to be sufficient in that it alleged that the family was treated less favorably than similarly situated persons based on evidence that a hostess seated and served several white families prior to seating and serving them, despite their arriving to the restaurant first. Id. at 1339-40. With no plausible factual allegations describing how Plaintiff was treated less favorably than other similarly situated persons who are not members of the same protected class as he, the complaint is legally insufficient under both § 2000a and § 1981.[4]

It is also conceivable that Plaintiff might be asserting a claim for race discrimination in violation of the Fourteenth Amendment, a claim for unlawful search and seizure in violation of the Fourth Amendment, or a claim that he has been deprived of his rights of free speech in violation of the First Amendment. If he is, all such claims must be asserted pursuant to 42

---

[4] An additional deficit under § 1981 is the complaint's failure to link the action of the security guard to Plaintiff's enjoyment of the benefits of a contractual relationship.

U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Under this rubric, a shopping mall is generally private property and a mall's security guard is typically a private person. Allen v. Columbia Mall Inc., 47 F. Supp. 2d 605, 609-10 (D. Md. 1999). Unless the complaint includes plausible facts establishing that the security guard was "jointly engaged" with a state official in the alleged violation, or otherwise pleads facts sufficient to transform his conduct into "state action," there is no "person acting under color of state law" and the complaint cannot state a claim under § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Allen v. Columbia Mall Inc., 47 F. Supp. 2d 605, 609-10 (D. Md. 1999). Based on this requirement, and because of the private status of spaces like shopping malls and hotels, cases generally hold, for example, that the First Amendment does not prevent a shopping mall owner from restricting the exercise of free speech, Strahan v. Frazier, 62 F. App'x 359, 360 (1st Cir. 2003), and that the Fourth Amendment does not prevent the security guards of a hotel/casino from detaining a patron. Marinari v. Trump Plaza Hotel & Casino, Security Second Shift, Civil Action No. 12-0132 (NLH), 2012 WL 2087735, at *3-4 (D.N.J. June 8, 2012). Moreover, while a security guard could conceivably qualify as a state actor, for example, if he or she used state-conferred law enforcement credentials, such as a police badge, or was acting in close cooperation with police officials, Lusby v. T.G. & Y. Stores, Inc., 749 F.2d 1423, 1429-30 (10th Cir. 1984), where state or municipal police power is not involved, the actions of a security guard are not attributed to the state. See Wade v. Byles, 83 F.3d 902, 905-06 (7th Cir. 1996), cert. denied, 519 U.S. 935 (1996).

With no allegation that the security guard who harassed Plaintiff was "jointly engaged" with a state official in committing the alleged violation, so as to transform his conduct into state action, Plaintiff cannot state a claim under § 1983. Thus, all of Plaintiff's potential § 1983 claims fail not only because he has not plausibly asserted race discrimination, unlawful search and seizure or a speech deprivation, but also because he has not named as a defendant a person who was acting under color of state law.

In summary, I find that Plaintiff's pleading fails to state a claim arising under federal law and fails to invoke this Court's federal question subject matter jurisdiction. Based on that deficit, coupled with the absence of diversity jurisdiction and a viable state law claim, I recommend that his complaint be dismissed, but also recommend that Plaintiff be given an opportunity to cure these deficits, if he can, by affording him leave to amend. In light of my recommendation that he be allowed an opportunity to amend, a final comment is necessary. If Plaintiff decides to file an amended complaint that addresses the deficiencies identified in this report and recommendation, he should also be mindful of the basic pleading requirements in Fed. R. Civ. P. 8(a)(2) and 10(a)-(b), which mandate that a complaint must contain a short and plain statement of the claim, and must state the claim in numbered paragraphs, each of which is limited to a single set of circumstances. He must name defendants who are persons or entities subject to suit and susceptible of service with a summons and the complaint. See Fed. R. Civ. P. 4(e), (h). And his amended complaint must consistently name all defendants in the complaint's caption and in the body of the pleading so that both the Court and the defendants can clearly tell what are the factual allegations against each defendant. Redondo Waste Sys., Inc. v. Lopez-Freytes, 659 F.3d 136, 140 (1st Cir. 2011) (defendant named in case caption but not mentioned in body of complaint "fails the [Iqbal] plausibility test spectacularly"); Laurence v. Wall, No. CA 09-427

ML, 2009 WL 4780910, at *3 (D.R.I. Dec. 10, 2009) (sweeping allegations regarding conduct of "all defendants" without any additional facts "fail[s] to provide adequate specificity to state a claim against these defendants"); see Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) ("complaint should at least set forth minimal facts as to who did what to whom, when, where, and why").

### III.    Conclusion

I find that this case is subject to dismissal at screening based on this Court's lack of subject matter jurisdiction and the pleading's failure to state a claim. I recommend that this Court provide Plaintiff with thirty days from the adoption of this report and recommendation to file an amended complaint. Brown v. Rhode Island, 511 F. App'x 4, 5, 7 (1st Cir. 2013) (per curiam). If he fails to do so or if he files a new complaint that is still deficient, I recommend that the complaint (ECF No. 1) be summarily dismissed without prejudice. See 28 U.S.C. § 1915(e)(2). In addition, I find that Plaintiff's IFP motion should be denied without prejudice because it fails to provide coherent financial information sufficient to allow the Court to determine his eligibility. I recommend that this Court permit him to refile it with sufficient information to establish that he is unable to pay fees and costs within thirty days from the adoption of this report and recommendation. If he files a new IFP application by that deadline, it will be reviewed and the Court will make a determination of eligibility; if he does not, I recommend that his IFP motion be denied and that he be directed to pay the $400 filing fee.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008);

Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 1, 2016